IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLNA

| | |
|---|---|
| DANIEL E. MONAHAN,<br>Plaintiff,<br><br>vs.<br><br>DUKE ENERGY CORPORATION,<br>t/d/b/a DUKE ENGINEERING &<br>SERVICES,<br>Defendant. | Civil Action No. 3:00CV167-MCK<br><br>JURY TRIAL DEMANDED |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Daniel E. Monahan, pro se, and respectfully avers as follows:

1. The Plaintiff, Daniel E. Monahan, is an adult individual born August 10, 1944, who resides at 2200 Woodlawn Street, Kannapolis, NC 28083.

2. The Defendant, Duke Energy Corporation, t/d/b/a/ Duke Engineering & Services, is known to have a principal place of business at 400 South Tryon Street, Charlotte, NC 28285.

3. This Court has jurisdiction over these claims pursuant to 28 U.S.C. Section 1331, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Section 621, et seq., 626(c); the Employment Retirement Income Security Act (ERISA) 29 U.S.C. Section 1001, et seq., 1032(c); and the Fair Labor Standards Act, (FLSA) 29 U.S.C. section 201, et seq.

4. The Defendant is, and at all times material to the Complaint has been, an employer in an industry affecting commerce within the meeting of the ADEA 29 U.S.C. Section 630(b); the ERISA 29 U.S.C. Section 1002(12); and the FLSA U.S.C. Section 203(b).

5. Plaintiff was employed by the Defendant from 1980 to June 9, 1999, as a technical specialist.

6. During the course of Plaintiff's employment and particularly in the period of time relatively prior to his termination on June 9,1999, Plaintiff was consistently, wrongfully and discriminatorily passed over for project assignments for which he was viable and duly qualified, and said work was consistently provided to younger employees.

7. Plaintiff was repeatedly discriminated against by his supervisors and management and those responsible to assigning work projects, and said course of conduct culminated in a discriminatory, unilateral and systematic determination that Plaintiff was plan eligible for termination via Defendant's Employee Information Package on June 9, 1999, the terms and application of which are in and of themselves, discriminatory against an employee's age.

8. Defendant's discriminatory course of conduct against Plaintiff and other employees similarly situated in Plaintiff's protected age group also included Defendants conversion of the pre-existing pension structure for employees including Plaintiff, whereby Defendant sought to attract younger employees at the expense and in discrimination of Plaintiff's existing pension structure, in 1997, and said discriminatory actions of Defendant resulted in pecuniary loss to Plaintiff's pension in violation and breach of Defendant's fiduciary objections under the ADEA and ERISA.

9. Plaintiff timely filed an administrative complaint with the Equal Employment Opportunity Commission alleging, inter alia, the Defendant terminated Plaintiff on the basis of his age.

10. As a direct result of Defendant's discriminatory actions in violation of the ADEA, ERISA, and the FLSA, the Plaintiff lost wages and other economic benefits of his employment along with suffering humiliation, embarrassment and severe emotional distress.

11. The actions on part of the Defendant in the termination of the Plaintiff is a part of a plan, practice or pattern of discriminating against older employees which affect others who are similarly situated with the Plaintiff and have caused the Plaintiff to suffer damages in excess of $100,000.

12. As a direct result of the Defendant's discriminatory actions in violation of the ADEA ERISA and the FLSA, Plaintiff has lost economic and fringe benefits from him employment with the Defendant.

WHEREFORE, Plaintiff, Daniel E. Monahan, request the following:

a. That the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADEA, ERISA and the FLSA;

b. That the Court award Plaintiff the amount of increased economic and fringe benefits lost due to Defendant's unlawful discrimination, plus interest from the date of discrimination;

c. That the Court award Plaintiff compensatory damages as a result of the Defendant's violation of the ADEA, ERISA and the FLSA;

d. That the Court award Plaintiff liquidated damages in an amount equal to the pecuniary damages lost by the Plaintiff;

e. That the Court award Plaintiff punitive damages due to the willful misconduct of the Defendant; and,

f. That the Court award Plaintiff reasonable attorney fees and costs associated with this action; and

g.  That the Court grant Plaintiff additional relief as may be just and proper.

Respectfully submitted,

*Daniel E. Monahan*
Daniel E. Monahan, Plaintiff
Filing Pro Se
2200 Woodlawn Street
Kannapolis, NC 28083
(704) 933-3380

JURY TRIAL DEMANDED